UNITED STATES OF AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUNDEE URGENT CARE, P.C.,

    Plaintiff,

 -vs-

TANNENBAUM & MILASK, INC,
and JOHN DOES 1-10,

    Defendants.

**COMPLAINT – CLASS ACTION**

    *Plaintiff is not aware of any related cases.*

1.    Plaintiff, Dundee Urgent Care, P.C., brings this action to secure redress for the actions of Tannenbaum & Milask, Inc., ("Tannenbaum & Milask") in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.    The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from

1

receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## PARTIES

3. Plaintiff Dundee Urgent Care, P.C. ("Dundee Urgent Care"), is a professional corporation with offices at 100 Powell Dr., Dundee, Michigan 48131, where it maintains telephone facsimile equipment.

4. Defendant Tannenbaum & Milask, Inc. is a Delaware corporation with principal offices at 10 Grove St., #A, Cherry Hill, New Jersey 08002. It maintains its registered agent, Business Filings Incorporated, at 108 West 13th Street, Wilmington, Delaware 19801.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisement described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012).

7. Personal jurisdiction is proper because Defendant has committed tortious acts in this District by causing the transmission of unlawful communications into the District.

8. Venue in this District is proper for the same reason.

## FACTS

9. On January 9, 2020, Dundee Urgent Care received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

10. Discovery may reveal the transmission of additional faxes as well.

11. Tannenbaum & Milask is responsible for sending or causing the sending of the fax.

12. Tannenbaum & Milask, as the entity whose products or services were advertised in the fax, derived economic benefit from the sending of the fax.

13. Tannenbaum & Milask either negligently or wilfully violated the rights of Plaintiff and other recipients in sending the fax.

14. Plaintiff had no prior relationship with Defendant and had not authorized the sending of fax advertisements to Plaintiff.

15. The fax does not contain an "opt out" notice in the form required by 47 U.S.C. § 227.

16. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

17. On information and belief, Defendant has transmitted similar unsolicited fax

advertisements to at least 40 other persons in Michigan.

18. There is no reasonable means for Plaintiff or other recipients of Defendant's unsolicited advertising fax to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

19. Plaintiff incorporates ¶¶ 1-18.

20. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

21. The TCPA, 47 U.S.C. §227(b)(3), provides:

> Private right of action.
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
>
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the

       court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

22. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, Plaintiff's statutory right of privacy was invaded.

23. Plaintiff and each class member is entitled to statutory damages.

24. Defendant violated the TCPA even if its actions were only negligent.

25. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

26. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of Tannenbaum & Milask promoting its goods or services for sale.

27. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

28. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

    b.    The manner in which Defendant compiled or obtained its list of fax numbers;

    c.    Whether Defendant thereby violated the TCPA.

29. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

30. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

31. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

32. Several courts have certified class actions under the TCPA. *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.,* 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC,* 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.,* 821 F.3d 992,

998 (8th Cir. 2016); *Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part.* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d1060; *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293

7

Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

33. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

    a.    Statutory damages;

    b.    An injunction against the further transmission of unsolicited fax advertising;

    c.    Costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    /s/ Adam G. Taub
        Adam G. Taub (P48703)
        17200 W 10 Mile Rd Suite 200
        Southfield, MI 48075
        Phone: (248) 746-3790
        Email: adamgtaub@clgplc.net

/s/ Daniel A. Edelman
Daniel A. Edelman

                Cathleen M. Combs
                EDELMAN, COMBS, LATTURNER
                    & GOODWIN, LLC
                20 South Clark Street, Suite 1500
                Chicago, Illinois  60603
                (312) 739-4200
                (312) 419-0379 (FAX)
                Email: courtecl@edcombs.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                                 /s/ Daniel A. Edelman  
                                                 Daniel A. Edelman

Daniel A. Edelman  
EDELMAN, COMBS, LATTURNER  
       & GOODWIN, LLC  
20 S. Clark Street, Suite 1500  
Chicago, Illinois  60603  
(312) 739-4200  
(312) 419-0379 (FAX)

# **EXHIBIT A**

The Original
# Tannenbaum & Milask®
## Business Brokers
## HEALTHCARE DIVISION

## How much is your business worth?

**BUYERS ARE WAITING**

&

<u>No Obligation Confidential</u>

## <u>Free Business Valuation</u>

We provide professional and prompt attention to find a buyer for you.

**Offices Located In**

| Ann Arbor | Detroit | Lansing | Flint |

**WE PROVDE:**

- Professional Personalized Assessment
- Successful Agency to Represent You
- Experienced Brokers
- Confidential Process

For a FREE Assessment, complete below and fax it to us toll free.

Confidential Fax Number: **(800) 691-6197**

(by faxing this form, you are under no obligation to engage our services)

Business Name: _____

Address: _____

City/State/Zip: _____

Contact Phone #:  Cell: _____  Office: _____

Best Time to Call: _____

Person to Contact: _____

To Be Removed From the List Immediately, Please Call TOLL FREE (800) 810-1613

**New Jersey**
**Pennsylvania**

www.tmbrokers.BIZ
Ph: (800) 691-1722
Fax: (800) 691-6197

**Ohio**
**Michigan**